UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA PERRY,

        Plaintiff,

                                              Case number 04-74481
v.                                           Honorable Julian Abele Cook, Jr.

KURT MCGEE,
THE WACKENHUT CORPORATION,
   a foreign corporation, and
THE CITY OF DETROIT

        Defendants.

## ORDER

This lawsuit relates to a claim by the Plaintiff, Latoya Perry ("Perry"), who contends that the Defendants,[1] the Wackenhut Corporation, and the City of Detroit ("City"), violated her basic civil rights which have been granted to her by 42 U.S.C. § 1983 and the Michigan Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq.* She also asserts that these Defendants were jointly responsible for her physical and emotional injuries, all of which were caused by their collective (1) gross negligence, (2) premises liability, (3) negligence, and (4) negligent supervision.[2]

On May 22, 2006, the City filed a motion in which it sought to obtain a summary judgment,

---

[1] Kurt McGee is a named Defendant in this lawsuit. However, the Court records in this cause indicate that he has not been officially served with any pleadings relating to his alleged involvement in this case as of this date.

[2] Perry's claim in Count I of the Complaint (violation of 42 U.S.C. § 1983) against the City was voluntarily dismissed without prejudice by the Court at her request. On the other hand, Perry's charges against the City in Counts II (gross negligence), Count III (premises liability), and Count IV (negligence) were dismissed by the Court with prejudice.

contending Perry had failed to establish any legal foundation for her claim under ELCRA. On November 7, 2006, the Court concurred and granted a summary judgment in favor of the City after determining that Perry had not established a legal basis for her ELCRA claim as defined by Mich. Comp. Laws § 37.2301.[3]

On November 16, 2006, Perry, feeling aggrieved by the rejection of her ELCRA claim, filed a motion for reconsideration with the Court. For the reasons that have been set forth below, the Court denies Perry's motion for reconsideration.

I.

In its evaluation of Perry's motion for reconsideration in this district, the Court must look to E.D. Mich. LR 7.1(g)(3), which reads as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In her application for relief, Perry contends that the decision of November 7th was erroneous because (1) the parties did not address the issue of whether the 36th District Court Jail was excluded from liability as a "public service" in their written briefs or oral arguments, (2) she was not serving a sentence of imprisonment at the time of the claimed misconduct by Kurt McGee, and (3) the 36th District Court Jail is not a "state or county correctional facility," inasmuch as it is owned and

---

[3] Mich. Comp. Laws § 37.2301(b) reads as follows:

"Public service" means a public facility, department, agency, board, or commission, owned, operated, or managed by or on behalf of the state, a political subdivision, or an agency thereof or a tax exempt private agency established to provide service to the public, except that public service does not include a state or county correctional facility with respect to actions and decisions regarding an individual serving a sentence of imprisonment.

operated by the City.

The City challenges all of these arguments, contending, in the main, that it is the statutorily-mandated control unit for the funding of the 36th District Court Jail where Perry was housed at the time of the incident. Furthermore, the City denies that it owns or shares the ownership of this facility.  Moreover, the City submits that Perry has failed to produce any evidence that she was not given the "full use and enjoyment" of the entity, to which she was entitled to receive as an inmate. Finally, it is argued that she has not presented any form of evidence which would create a respondeat superior relationship between the City and McGee or any other person who was a participant in the alleged tort.

II.

Perry's request for reconsideration must be rejected for a variety of reasons. In essence and fundamentally, she has failed to satisfy the minimum standards of the Local Rules of this Court, to which reference has been made above.  Moreover, Perry has not produced any evidence that McGee, the alleged tortfeasor, was an employee of the City at or about the time of her incarceration. It should also be noted that Perry has neither pled nor alleged that the City ever denied any basic or material services to her at any of the times that are relevant to this controversy. Specifically, Perry has never contended that (1) McGee made any sexual overtures which were made as a condition to receiving any favorable treatment or services by him, or (2) her submission or rejection of these sexual overtures adversely affected her access to receiving any basic or material services, to which she was entitled.  Rather, the official record in this action indicates that the sexual act, about which she complains, occurred through her voluntary submission, and not through any force or actual coercion by McGee.  Although it was morally reprehensible, ethically improper and possibly a violation of McGee's legal obligations and responsibilities to his employer

for him to have made sexual advances to an incarcerated individual, such conduct did not interfere with Perry's "use and enjoyment" of the public accommodations to which she was entitled to expect and receive. Thus, it is the view of this Court that Perry has been unsuccessful in demonstrating "a palpable defect by which the [C]ourt and the parties have been misled."

Accordingly, Perry's motion for reconsideration must be, and is, denied.


IT IS SO ORDERED.


Dated: December 19, 2006                         s/ Julian Abele Cook, Jr.
       Detroit, Michigan                         JULIAN ABELE COOK, JR.
                                                United States District Court Judge



Certificate of Service

I hereby certify that on December 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                             s/ Kay Alford
                                                                             Courtroom Deputy Clerk